IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| SAMUEL EDEN, | ) | No. C 10-5481 JSW (PR) |
| Plaintiff, | ) | **ORDER OF DISMISSAL** |
| v. | ) | |
| STATE OF CALIFORNIA; EXPRESS WAY, | ) | |
| Defendants. | ) | |

### INTRODUCTION

Plaintiff, a California prisoner proceeding pro se, filed this civil rights complaint under 42 U.S.C. § 1983 against the State of California and an entity named "Express Way." Plaintiff's application to proceed in forma pauperis is granted in a separate order. This Court now reviews the complaint pursuant to 28 U.S.C. § 1915A, and dismisses it for failure to state a cognizable claim for relief.

### STANDARD OF REVIEW

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests."'" *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted). Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 1974. Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

## LEGAL CLAIMS

Plaintiff alleges that he was injured in 1988 while operating a fork lift for a company in Hayward. He alleges that he received a large cash payment from Defendant Express Way for his injuries. A private individual or organization, such as Defendant Express Way, does not act under color of state law, an essential element of a Section 1983 action. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). Private conduct, no matter how wrongful, is not covered under Section 1983. *Ouzts v. Maryland Nat'l Ins. Co.*, 505 F.2d 547, 550 (9th Cir. 1974). As Defendant Express Way is not a state actor, Plaintiff's claims against it are not cognizable under Section 1983 and will be dismissed.

Plaintiff also names as a defendant the State of California. He alleges no conduct by the state, however, let alone any that might have caused Plaintiff to suffer harm. In

any event, the State of California is immune from lawsuits from its citizens under the Eleventh Amendment. *See Atascadero State Hosp. v. Scanlon*, 473 U.S. 234, 237-38 (1985). Consequently, the claims against the State of California will be dismissed.

**CONCLUSION**

This case is DISMISSED because the complaint fails to state a cognizable claim for relief.

The Clerk shall enter judgment and close the file.

IT IS SO ORDERED.

DATED: January 7, 2011

JEFFREY S. WHITE
United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

SAMUEL EDEN,

        Plaintiff,

  v.

STATE OF CALIFORNIA et al,

        Defendant.

                                         /

Case Number: CV10-05481 JSW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on January 7, 2011, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Samuel Eden
E89848
S.V.S.P.
P.O. Box 1060
Soledad, CA 93960

Dated: January 7, 2011

Richard W. Wieking, Clerk
By: Jennifer Ottolini, Deputy Clerk